IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THY MAO, | No.  CV-08-065-PHX-FJM (CRP) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| KATRINA KANE, | |
| Respondent. | |

On January 11, 2008, Thy Mao ("Petitioner") filed a *pro se* Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2241. (Doc 1).  At the time, Petitioner was confined at the Immigration Detention Center in Eloy, Arizona awaiting removal to Cambodia.  Petitioner argued he was detained beyond a 180-day period without his removal significantly likely to occur in the reasonably foreseeable future and that further detainment violated federal law as interpreted by the Supreme Court. *Zadvydas v. Davis*, 533 U.S. 678 (2001).  On February 7, 2008, Petitioner was released from confinement on an Order of Supervision.  (Doc 8, Exhibit 1).  After Petitioner's release, Respondent filed a Notice of Filing and Suggestion of Mootness arguing the Habeas Petition is now moot.  (Doc 8).

**Procedural History**

On June 20, 2007, an immigration judge ordered Petitioner removed to Cambodia. (Doc 8, Exhibit 1). After being held for over six months, on January 11, 2008, Petitioner filed the Habeas Petition pending before this Court. (Doc 1). Petitioner sought relief from his continued detention arguing there was no prospect that his removal to Cambodia would be effected in the reasonably foreseeable future. (Doc 1). On February 7, 2008, Petitioner was released on an Order of Supervision. (Doc 8, Exhibit 1). In a Notice of Filing and Suggestion of Mootness filed April 14, 2008, Respondent argues the Habeas Petition is now moot because Petitioner has received the relief sought in the Habeas Petition. (Doc 8). Petitioner has not filed a Response to the Notice of Filing and Suggestion of Mootness and the time for filing such a response has expired.

**Analysis**

Article III of the United States Constitution empowers federal courts to adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). It is insufficient that the case-or-controversy requirement is satisfied when the suit is filed, the requirement "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990) (internal quotations omitted.) Furthermore, if it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. *Picrin-Person v. Rison*, 930 F.2d 773, 775-776 (9th Cir.1991).

In the case before this Court, Petitioner challenges only the legitimacy of his continued detention and seeks, as his sole request, relief from it in the form of supervised release. As Respondent points out, Petitioner is no longer in custody; he was released on an Order of Supervision on February 7, 2008. Petitioner, therefore, no longer has a personal stake in the outcome of this lawsuit. Additionally, the relief

Petitioner requested, his release from continued and potentially indefinite detention, can no longer be granted by the Court. For these reasons, this case is moot.

**Recommendation**

After careful consideration of the Complaint and all papers filed in this action, the Magistrate Judge recommends that the District Court dismiss this Habeas Petition as moot. When Petitioner was released from detention it rendered his Habeas Petition moot.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

If objections are filed, the parties should use the following case number: cv 08-065-PHX-FJM.

DATED this 1st day of May, 2008.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE